UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY TODD HARRIS,

                    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

                    Defendant.

_____/

Case No. 10-13410

Paul D. Borman
United States District Judge

Laurie J. Michelson
United States Magistrate Judge

OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT (DKT. NO. 18)

Before the Court are the Defendant's Objections to the Magistrate Judge's June 14, 2011 Report and Recommendation . (Dkt. No. 19.) Plaintiff filed a response to Defendant's objections. (Dkt. No. 20.) For the reasons that follow, the Court ADOPTS the Magistrate Judge's Report and Recommendation and REMANDS this matter to the Commissioner for further proceedings consistent with the Report and Recommendation.

I.     BACKGROUND

The procedural history and background are not disputed and are adequately set forth in the Magistrate Judge's Report and Recommendation. Briefly, Plaintiff, Jeffrey Harris, who worked as an airline baggage handler for 22 years, filed an application for disability benefits in September 2006, alleging disability since March 13, 2006 due to back and neck injuries. On July 22, 2008, Administrative Law Judge Paul Armstrong, after a hearing at which Plaintiff was represented by a

1

non-attorney advocate, issued a decision denying benefits.  Plaintiff filed this Complaint on August 26, 2010, challenging the denial of benefits.  Both parties filed motions for summary judgment which were referred for decision to Magistrate Judge Michelson.  (Dkt. Nos. 14, 17.)  The Magistrate Judge issued a Report and Recommendation on June 14, 2011 recommending that Plaintiff's motion be granted, Defendant's motion be denied, and the matter remanded to the Commissioner for further proceedings.  (Dkt. No. 18.)  Defendant has filed objections to the Report and Recommendation that are currently before the Court.  (Dkt. No. 19.)  For the reasons that follow, the Court DENIES Defendant's objections, ADOPTS the Magistrate Judge's Report and Recommendation and REMANDS the matter to the Commissioner.

## II.   STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1).  A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*  A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir.1991).

## III.   ANALYSIS

### A.   The Magistrate Judge Correctly Concluded That the ALJ Did Not Give Appropriate Weight to the Opinions of Dr. Kornblum, Plaintiff's Treating Physician

Defendant objects to the Magistrate Judge's conclusion that the ALJ did not give appropriate

weight to the opinions of Dr. Kornblum, Plaintiff's treating physician, and did not adequately explain his reasons for giving Dr. Kornblum's opinion the weight that he did. The Court agrees with the Magistrate Judge that the ALJ failed to specifically identify his reasons for discounting Dr. Kornblum's opinion and failed to explain precisely how those reasons affected the weight that the ALJ ultimately assigned to Dr. Kornblum's opinion. The well-supported opinion of a treating physician, who in this case happens also to be Plaintiff's surgeon, is given greater deference than those of non-treating physicians. *See* SSR 96-2p; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). A failure to accord a treating physician's opinion substantial, if not controlling, weight must be justified on the record with specific reasons, supported by evidence in the record, why the treating source's opinion was discounted and why it was given diminished weight.

As the Magistrate Judge noted in her Report and Recommendation, the ALJ in this case only cites to the conclusions reached by Dr. Kornblum, criticizing them for being "conclusory," and fails to consider the totality of the studies and findings that Dr. Kornblum relied on in reaching those conclusions, which are substantial. For example, Dr. Kornblum's notes from Plaintiff's May 29, 2007 visit indicate that Plaintiff's EMG showed "subacute to chronic right and left C5-6 radiculopathy, worse on the right side." (Tr. 251.) Dr. Kornblum noted that Plaintiff was having problems at both the C3-4 and C5-6 levels and recommend surgical repair of both levels. (*Id.*) On July 3, 2007, Dr. Kornblum noted that Plaintiff was "hurting so much so I will increase his medication to Vicodin" and prescribed a Medrol dosepak to help the "acute exacerbation." Dr. Kornblum's note indicates that surgery was to be scheduled for the following week which hopefully would "improve upon his current level of pain which is very severe." (Tr. 252.) Dr. Kornblum's note also indicates that Plaintiff was informed that the surgery did not carry any guarantee of success.

(*Id.*)  Dr. Kornblum's opinion is supported by objective medical evidence, which led to Dr. Kornblum's ultimate decision to perform surgery in an effort to relieve Plaintiff's symptoms, and are not inconsistent with other record evidence, i.e. the opinions of Dr. Middledorf (that Plaintiff suffered from mild degenerative changes and fairly severe foraminal narrowing) and Dr. Washabaugh (that Plaintiff suffered from disc disease and spondylosis).  Given these findings, the Magistrate Judge appropriately concluded that the ALJ failed to give appropriate weight to the opinions of Plaintiff's treating physician and surgeon, Dr. Kornblum, relying heavily instead on the opinions of the State Disability Determination Service's non-examining, non-treating physician.

This error necessarily infected the ALJ's Residual Functional Capacity ("RFC") assessment as he failed to base his RFC on all of the relevant evidence.  The ALJ ignored Dr. Kornblum's assessment that Plaintiff could not lift and/or carry any weight, or that Plaintiff had limitations on standing, walking, pushing and other postural activities.

**B.    The Magistrate Judge Correctly Concluded that the ALJ Did Not Properly Evaluate Plaintiff's Subjective Complaints of Pain**

The Magistrate Judge correctly concluded that the ALJ failed to consider all of the relevant factors that the SSA guidelines dictate should be considered when analyzing subjective complaints of pain.  20 C.F.R. § 404.1529(c)(3).  *See also Felisky v. Bowen*, 35 F.3d 1027, 1040-41 (6th Cir. 1994).  The ALJ should have factored in to his analysis: (1) Plaintiff's testimony regarding the frequency and duration of his pain, i.e. that he was "in severe pain constantly," which was corroborated by his medical records; (2) Plaintiff's medications which included Valium, Vicodin, Medrol Dosepak, Darvocet, Norflex and Toradol - significant pain control medications; and (3) the other modalities that Plaintiff tried before finally resorting to surgery - physical therapy, steroid

injections, traction, massage and a TENS unit.

The Magistrate Judge correctly concluded that this matter should be remanded for a determination on the ultimate issue of disability, giving appropriate weight to Plaintiff's treating physician, Dr. Kornblum, taking into consideration all aspects of Plaintiff's complaints of pain and calculating a proper RFC based on all relevant evidence. Because the Vocational Expert did not opine on whether or not there were *any* jobs in the economy that Plaintiff could perform, only that he could not perform the jobs that she had previously specified based on the hypothetical restrictions posed by the ALJ, a remand is necessary to determine whether Plaintiff possesses the residual functional capacity to perform any substantial gainful activity. The Magistrate Judge also appropriately concluded that, in connection with the remand, the ALJ may consider additional evidence that was submitted to the Appeals Council regarding Plaintiff's physical impairments.

## IV.    CONCLUSION

For the foregoing reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation (Dkt. No. 18) that Plaintiff's Motion for Summary Judgment be GRANTED, that Defendant's Motion for Summary Judgment be DENIED and that the matter be REMANDED to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), with consideration given to the additional evidence submitted to the Appeals Council regarding Plaintiff's physical impairments.

IT IS SO ORDERED.

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 2-8-11